Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4434 | **DATE** | 6/18/2012 |
| **CASE TITLE** | Roohi Irfan vs. U.S. Immigration | | |

**DOCKET ENTRY TEXT**

We must therefore deny Plaintiff's application (4) to proceed in forma pauperis. . We also deny Plaintiff's motion (5) for appointment of counsel, for two reasons. Plaintiff has not established poverty at a level that warrants *in forma pauperis* status. Second, Plaintiff has not demonstrated that she needs counsel at this time or has exhausted the search for a private attorney.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

(Reserved for use by the Court)

## ORDER

Presently before us is Plaintiff Roohi Irfan's application to proceed *in forma pauperis* in her lawsuit against United States Immigration. Before granting leave to file *in forma pauperis*, we must first determine whether or not Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of Plaintiff's complaint and dismiss the action if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I*, No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith,* 507 F.3d 605, 608 (7th Cir. 2007).

In support of her allegation of poverty, Plaintiff submitted the required financial affidavit. She states that she is not currently employed. (Aff. ¶ 2.) She reports that her husband earns $2160 per month, after payroll deductions. (*Id.* ¶ 3.) She also received at least $200 in unemployment in the past twelve months, though the affidavit does not indicate the monthly amount of those payments, or whether they are ongoing. (*Id.* ¶ 4f.) Plaintiff states that, in the past twelve months, her husband received at least $200 (amount unknown) in other wages beyond his salary. (*Id.* ¶ 4a.) Plaintiff has $800 in her joint bank account, and no monthly mortgage or car payments. (*Id.* ¶¶ 7–8.) According to the affidavit, she and her two college-aged children rely on her husband's salary, along with her disabled brother. (*Id.* ¶ 10.) All in all, we find that Plaintiff has not established her indigence. Although her husband's annual net salary falls just below the 2012 Department of Health and Human Services poverty guideline for a five-person household, Plaintiff appears able to pay the filing fee given her access to funds in her bank account as well as other income the family has received—and perhaps continues to receive. We must therefore deny Plaintiff's petition.

We also deny Plaintiff's motion for appointment of counsel, for two reasons. First, as set forth above, Plaintiff has not established poverty at a level that warrants *in forma pauperis* status. Second, Plaintiff has not demonstrated

**STATEMENT**

that she needs counsel at this time or has exhausted the search for a private attorney. In order for us to grant a motion for appointment of counsel, the litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See also Pruitt v. Mote*, 503 F.3d 647, 655–58 (7th Cir. 2007); *Johnson v. Doughty*, 433 F.3d 1001, 1006–09 (7th Cir. 2006). Plaintiff's motion identifies one firm she has contacted about this case, and this meager effort is not reasonable. (Mot. ¶ 2.) Moreover, we typically require a litigant to submit documentation that demonstrates the refusal of numerous attorneys to accept the case. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2003). Plaintiff did not support this motion with copies of any solicitation or rejection letters, or other documentation to prove she has tried in earnest to retain counsel. Finally, the legal issues raised in Plaintiff's complaint are not so complex that a trained attorney is necessary at this early stage. Plaintiff, a college graduate, has been handling immigration matters for her brothers for years and appears capable of proceeding without representation, if she is not successful in obtaining private counsel.

In sum, we deny Plaintiff's application to proceed *in forma pauperis* as well as her motion for counsel. It is so ordered.